# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 97-10977
Summary Calendar

_____

Roger A. CORBETT,

Plaintiff - Appellant - Cross-Appellee,

VERSUS

TEJAS TONGS, INC., a Texas Corporation, L.R. Spradling and Charlotte Spradling, Individually
and d/b/a/ Spradling Drilling Co., a Proprietorship, and Spradling Oil, Inc., a Texas Corporation

Defendants - Appellees - Cross-Appellees.

_____

Appeal from the United States District Court for the Northern District of Texas
Amarillo Division
(2:95-CV-300)

_____

June 2, 1998

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On May 9, 1991, Roger A. Corbett filed a cause of action in Texas state court against

L.R. and Charlotte Spradling in their individual capacities, and doing business as various Texas

corporations, including Tejas Tongs, Inc. ("Tejas"), Spradling Drilling, Inc., and Spradling Oil,

Inc.  On October 1, 1993, the 84th District Court, Hutchinson County, entered judgment on a

verdict which awarded relief to both the plaintiff and the defendants.  The Court of Appeals for

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

the Seventh Supreme Judicial District, sitting in Amarillo, reversed the portion of the judgment favoring Corbett, rendered judgment that Corbett take nothing, and also affirmed the portion of the judgment favoring the defendants. The Supreme Court of the State of Texas denied writ on December 19, 1996.

On November 22, 1995, Corbett filed suit in United States District Court for the Northern District of Texas, Amarillo Division, against Tejas, of which Corbett was a shareholder, the Spradlings as individuals, Spradling Drilling Co., and Spradling Oil, Inc., both of which the Spradlings owned and operated. Corbett's suit included a civil RICO claim, in the form of a shareholder derivative action, and a claim of conversion, which Corbett brought in his individual capacity. The defendants responded with an answer and motions asserting the defenses of *res judicata*, collateral estoppel, and limitations.

Prior to the district court's rulings on the defendants' objections, the defendants received Corbett's request for admissions. The defendants claim that Corbett's requests for admissions relate to many issues already decided adversely to Corbett in the state action. As such, rather than respond to the requests for admissions, the defendants objected to them.

This case went to trial on August 12, 1997. Corbett moved for judgment as a matter of law based on deemed admissions, due to the defendants' failure to respond to Corbett's request for admissions. The district court denied the motion, ruling that the court would address the matter of deemed admissions before the close of Corbett's case. The court noted that any matters deemed admitted would still be subject to evidentiary rules of admissibility, including the rules of relevancy. Accordingly, based on principles of *res judicata*, the district court decided to exclude evidence of any events that occurred between the parties prior to the October 1, 1993 jury verdict

in the state court action.

The next day, Corbett sought to have the admissions put before the jury. The defendants responded with a motion to withdraw the deemed effect of the admissions or, alternatively, to object to the admissibility of the deemed admissions. The district court denied the motion to withdraw the deemed effect of the admissions, but reaffirmed its ruling that it would exclude any evidence pertaining to matters occurring before the October 1, 1993 cutoff date. At the district court's direction, the parties stipulated to the admissibility of a portion of the deemed admissions. Near the end of his case, Corbett offered the remaining admissions into evidence. The district court ruled on each admission, excluding a majority of them because they pertained to events that could have occurred either before or after October 1, 1993.

The district court submitted the civil RICO claim and the conversion claim to the jury. Corbett objected to the jury charge on the grounds that it did not include Corbett's claim for breach of fiduciary duty, which the district court had previously decided not to submit to the jury because it pertained to pre-October 1993 matters. The jury found no violation of RICO and no damages to Tejas, but did find that the defendants had converted Corbett's personal property, awarding Corbett damages of $10,000.

The district court subsequently denied Corbett's motions for judgment notwithstanding the verdict and for a new trial. Corbett initiated this appeal by timely filing his notice of appeal on September 9, 1997. On October 9, 1997, the district court denied the defendants' motion to vacate alter, or amend the judgment, or alternatively, for judgment as a matter of law.

Corbett appeals the district court's refusal to enter judgment for him as a matter of law based on the deemed admissions. The defendants respond that their objections precluded the

3

court from deeming the matters admitted, and that, in any event, the district court properly excluded the matters on evidentiary grounds. The defendants have also cross-appealed, arguing that Corbett's conversion claim was barred by *res judicata* and limitations.

## *Discussion*

### 1. The Deemed Admissions

At the heart of Corbett's case is the effect of the defendants' failure to answer his requests for admissions within 30 days. Federal Rule of Civil Procedure 36 states that:

> Each matter of which an admission is requested . . . is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .

FED. R. CIV. P. 36(a). Rule 36 further states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." FED. R. CIV. P. 36(b).

Here, Corbett points out that the defendants objected to Corbett's request for admissions, which is a proper response under Rule 36. Under these circumstances, Rule 36 provides that the party requesting the admissions may move to determine the sufficiency of the objections, which the court may either rule on, or defer until a pre-trial conference or designated time prior to trial. FED. R. CIV. P. 36(a). The only such motion that Corbett points to is his motion on the day of trial for judgment on the deemed admissions. At the time, the district court excluded several of the deemed admissions on evidentiary grounds. Although the court should not have deemed the defendants to have admitted the matters contained in Corbett's requests for admissions in the absence of a prior order ruling against the defendants on their objections to those requests, the

4

record reflects defense counsel's concession that the court had ruled on their objections and that Rule 36 would deem those matters admitted. As such, the district court properly considered the defendants' failure to answer as admissions of the matters contained in Corbett's request for admissions.

Nevertheless, Rule 36 admissions are subject to all admissibility objections. *See Walsh v. McCain Foods, Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996) ("Admissions obtained under Rule 36 may be offered in evidence at the trial of the action, but they are subject to all pertinent objections to admissibility that may be interposed at the trial . . . .") (quoting 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2264, at 571-572 (1994)); *Goldman v. Mooney*, 24 F.R.D. 279, 280 (W.D. Pa. 1959); *cf.* FED. R. CIV. P. App. Form 25 ("Request for Admission Under Rule 36. Plaintiff A. B. requests defendant C. D. within ___ days after service of this request to make the following admissions for the purpose of this action only and *subject to all pertinent objections to admissibility* which may be interposed at the trial . . . .) (emphasis added). Corbett's entire brief is devoted to the question of the conclusive effect of deemed admissions, i.e., the party deemed to have made the admission is bound by that admission; however, Corbett does not address the propriety of the district court's exclusion of the deemed admissions, other than the conclusory allegation that the district court "ruled that said admissions were deemed admitted and then erroneously excluded them." This argument ignores that Rule 36 admissions are subject to all admissibility objections.

The district court correctly excluded any evidence related to events that occurred prior to October 1, 1993, which is the date of the state court judgment in the prior suit between these parties. The court took the position that, based on principles of *res judicata*, nothing that

occurred between the parties prior to that date would be admissible in the present case. As such, the court concluded that evidence of events that occurred prior to that date was not relevant. Relevant evidence is evidence having any tendency to make the existence of a fact more or less probable than it would be without the evidence, so long as that fact is of consequence to the determination of the action. FED. R. EVID. 401.

Obviously, evidence of those facts that the court determined to be barred by principles of *res judicata* were not material, i.e., the evidence was not of consequence to the determination of the action; therefore, such evidence was inadmissible because it was not relevant. Furthermore, even if the evidence was relevant, it would be excluded by Rule 403 due to its tendency to confuse and mislead the jury and work unfair prejudice against the defendants, who were entitled to the benefits of *res judicata*. FED. R. EVID. 403. Corbett's brief does not argue that the district court's imposition of an admissibility bar date based on principles of *res judicata* was erroneous; therefore, we accept that determination without further analysis. The standard of review for exclusions of evidence is abuse of discretion, *see McDonald v. Steward*, 132 F.3d 225, 232 (5th Cir. 1998), which we find no evidence of here.

**2.    The Conversion Claim**

Corbett's complaint, filed on November 22, 1995, alleged that the Spradlings converted his personalty left in the Tejas building, changed the locks, and refused to account to him for his personal property. The defendants' argue that the district court should have barred this claim on principles of *res judicata*, because Corbett could have, but did not, request a jury submission of his conversion claim in the prior state court action, the judgment in which became final before this case came to trial on August 12, 1997. We disagree with the defendants and, therefore, will not

6

disturb the jury verdict in favor of Corbett on his conversion claim.

Conversion is the unlawful taking of control or dominion over another person's personal property in denial of that person's right in the property. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384 (Tex. 1997). In support of a conversion claim, a plaintiff must prove that he or she was entitled to possession of the property, that the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights, that the plaintiff made a demand for the property, and that the defendant refused to return the property. *Ojeda v. Wal-Mart Stores*, 956 S.W.2d 704, 707 (Tex. App. -- San Antonio 1997, rev. denied).

It is evident that the conversion in this case occurred after the October 1, 1993 cutoff date, which the district court imposed based on principles of *res judicata*. After the appellate court ruling in the state court action, correspondence between the parties indicates that, in 1996, the defendants refused to return Corbett's property, at which time the defendants' possession of any such property became wrongful, thus giving rise to Corbett's conversion claim. As late as April of 1996, the attorneys for the parties in this case exchanged letters in which Corbett demanded the return of specific property. The defendants had already agreed to return certain paint belonging to Corbett. In April 1996, however, the defendants, through their attorney, denied possession of the other property which Corbett's April 1996 letter specifically demanded the return of. The record indicates that, as of the time of the trial in this case, the Spradlings had not returned Corbett's property. At trial, in direct contrast to the April 1996 correspondence, Mr. Spradling admitted maintaining possession of several of the items that Corbett specifically identified in his April 1996 letter.

As such, the conversion claim accrued in April, 1996, well after the *res judicata* cutoff date, and also well within the limitations period applicable to conversion claims in Texas. The statute of limitations for conversion in Texas is two years from the date of the wrongful taking or, if taken with consent, two years from the date of the wrongful refusal to return the property to its rightful owner. *Rogers v. Ricane Enters.*, 930 S.W.2d 157 (Tex. App. -- Amarillo 1996, writ denied). Although Corbett did demand return of his personal property in January, 1991, the defendants denied possession of that property in April 1996, in response to Corbett's most recent demand for return. Furthermore, it is readily apparent that the district court considered the *res judicata* bar date in deciding what claims to submit to the jury: the court denied Corbett's request to submit a claim for breach of fiduciary duty because that claim related to events prior to the bar date. Accordingly, the district court did not err in submitting the conversion claim to the jury and denying the defendants' motion to vacate, alter, or amend the judgment or, alternatively, for judgment as a matter of law.

### *Conclusion*

The district court's evidentiary rulings regarding the deemed admissions do not constitute an abuse of discretion. Corbett's conversion claim was not barred by limitations or *res judicata*. Accordingly, we AFFIRM the judgment of the district court in this case.

AFFIRMED.